IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>    v.<br><br>HEALY SPRING COMPANY, a Minnesota corporation,<br><br>    Defendant. | FILED: MAY 2, 2008<br>Case No.: 08CV2515   TG<br>Judge: JUDGE ANDERSEN<br>MAGISTRATE JUDGE COLE<br>Magistrate Judge: |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present trustees, for a cause of action against Defendant Healy Spring Company, a Minnesota corporation ("Healy Spring"), allege as follows:

## JURISDICTION AND VENUE

1.   This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2.   This action arises under the Employer Retirement Income Security Act of 1974 ("ERISA") *as amended* by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq.* (1982).  This Court has jurisdiction over this action under sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3.   Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Pension Fund is administered at its

principal place of business in Rosemont, Illinois. Venue also lies in this Court pursuant to the forum selection clause of the Pension Fund Trust Agreement.

## PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow trustees are the plan sponsors of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois, 60018.

5. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

6. Defendant Healy Spring is a corporation organized under the laws of the State of Minnesota.

## CLAIM FOR RELIEF

7. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 6 of this Complaint as though fully set forth herein.

8. During all relevant periods, Healy Spring was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters pursuant to which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

9. Healy Spring and all other trades or businesses under common control with it constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder ("Healy Spring Controlled Group").

10. The Healy Spring Controlled Group is the employer for purposes of the determination of withdrawal liability under Title IV of ERISA.

11. The Pension Fund determined that on or about November 16, 2007, the Healy Spring Controlled Group ceased to have an obligation to contribute to the Pension Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. § 1383.

12. As a result of this complete withdrawal, the Healy Spring Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $191,560.56 as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13. On or about January 29, 2008 Healy Spring, through John R. Cardwell, President of Healy Spring, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice and attached invoice notified Healy Spring that pursuant to section 4219(c)(5)(B), 29 U.S.C. §1399(c)(5)(B) and Appendix E, section 5(e)(2)(E) of the Pension Plan, that it must discharge its liability in one payment totaling $191,560.56.

14. The Healy Spring Controlled Group has failed to make the withdrawal liability payments to the Pension Fund.

15.　　The Healy Spring Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).  Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

16.　　The Healy Spring Controlled Group failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**WHEREFORE**, Plaintiffs request the following relief:

(a)　　A judgment against Healy Spring Company, a Minnesota corporation, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

(1)　　$191,560.56 in withdrawal liability;

(2)　　interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

(3)　　an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of 20% of the withdrawal liability; and

(4)　　attorney's fees and costs.

(b)　　Post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged, compounded annually; and

-5-

    (c)    For such or different relief as this Court may deem proper and just.

Respectfully submitted,

 /s/ Rebecca K. McMahon
Rebecca K. McMahon
Attorney for Plaintiffs
Central States, Southeast and Southwest Areas
Pension Fund
9377 West Higgins Road
Rosemont, Illinois  60018-4938
847/518-9800, Ext. 3441
May 2, 2008    ARDC #06290192