IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>HEALY SPRING COMPANY, a Minnesota Corporation,<br><br>Defendants. | Case No. 08CV2515<br>Judge: Andersen<br>Magistrate Judge: Cole<br><br>**ANSWER & DEFENSES** |

COMES NOW Defendant Healy Spring Company, a Minnesota corporation, by and through its attorneys, Wessels Pautsch & Sherman P.C. and as and for its answer and affirmative defenses to Plaintiffs' Complaint in the above-captioned cause, denies each and every allegation of said Complaint except and only to the extent as is hereinafter admitted and/or qualified:

## JURISDICTION AND VENUE

**Allegation No. 1:** This is an action for collection of withdrawal liability, interest and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

**Answer:** Defendant admits the allegations of Paragraph No. 1 of Plaintiffs' Complaint.

**Allegation No. 2:** This action arises under the Employer Retirement Income Security Act of 1974 ("ERISA") *as amended* by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001, *et seq.* (1982). This Court has jurisdiction over this action under sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

**Answer:**     Defendant admits the allegations of Paragraph No. 2 of Plaintiffs' Complaint.

**Allegation No. 3:**   Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §1132(e)(2) and 1451(d) because the Pension Fund is administered at its principal place of business in Rosemount, Illinois. Venue also lies in this Court pursuant to the form selection clause of the Pension Fund Trust Agreement.

**Answer:**     Defendant admits the allegations of Paragraph No. 3 of Plaintiffs' Complaint.

## PARTIES

**Allegation No. 4:**   Plaintiff Pension Fund is a multiemployer pension plan within the meaning of section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3). Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow trustees are the plan sponsors of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemount, Illinois 60018.

**Answer:**     Defendant admits the allegations of Paragraph No. 4 of Plaintiffs' Complaint with the exception that Defendant is without knowledge or information sufficient to admit or deny the allegations regarding Howard McDougall serving as a present trustee of Plaintiff Pension Fund.

**Allegation No. 5:**   Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

**Answer:**     Defendant admits the allegations of Paragraph No. 5 of Plaintiffs' Complaint.

**Allegation No. 6:**    Defendant Healy Spring is a corporation organized under the laws of the State of Minnesota.

**Answer:**    Defendant admits the allegations of Paragraph No. 6 of Plaintiffs' Complaint.

## CLAIM FOR RELIEF

**Allegation No. 7:**    Plaintiffs hereby reallege and incorporate each and every allegation made in paragraph 1 through 6 of this Complaint as though fully set forth herein.

**Answer:**    Defendant restates and incorporates by reference each of its answers to all of the aforementioned Paragraph Nos. 1 through 6 of Plaintiffs' Complaint as though its answers were fully set forth herein as its answer to Paragraph No. 7 of Plaintiffs' Complaint.

**Allegation No. 8:**    During all relevant periods, Healy Spring was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters pursuant to which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

**Answer:**    Defendant admits the allegations of Paragraph No. 8 of Plaintiffs' Complaint, with the exception of averring that the phrase "during all relevant periods" is vague.

**Allegation No. 9:**    Healy Spring and all other trades or businesses under common control with it constitutes a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder ("Healy Spring Controlled Group").

**Answer:** Defendant admits the allegations of Paragraph No. 9 of Plaintiffs' Complaint to the extent that the allegations accurately reflect Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1). Defendant avers that no other trades or businesses under common control with Healy Spring exist.

**Allegation No. 10:** The Healy Spring Controlled Group is the employer for purposes of the determination of withdrawal liability under Title IV of ERISA.

**Answer:** Defendant denies that the Healy Spring Controlled Group is an employer for purposes of Title IV of ERISA, but admits that Healy Spring Company is an employer for purposes of Title IV of ERISA.

**Allegation No. 11:** The Pension Fund determined that on or about November 16, 2007, the Healy Spring Controlled Group ceased to have an obligation to contribute to the Pension Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. §1383.

**Answer:** Defendant admits that Healy Spring Company ceased contributions on or about November 16, 2007, but Defendant denies any allegation that the Healy Spring Controlled Group ceased making contributions on or about that same date.

**Allegation No. 12:** As a result of this complete withdrawal, the Healy Spring Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $191,560.56 as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b).

**Answer:** Defendant denies the allegations of Paragraph No. 12 of Plaintiffs' Complaint.

**Allegation No. 13:** On or about January 29, 2008, Healy Spring, through John R. Cardwell, President of Healy Spring, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1). The notice and attached invoice notified Healy Spring that pursuant to sections 4219(c)(5)(B), 29 U.S.C. §1399(c)(5)(B) and Appendix E, section 5(e)(2)(E) of the Pension Plan, that it must discharge its liability in one payment totaling $191,560.56.

**Answer:** Defendant admits the allegations of Paragraph No. 13 of Plaintiffs' Complaint.

**Allegation No. 14:** The Healy Spring Controlled Group has failed to make the withdrawal liability payments to the Pension Fund.

**Answer:** Defendant admits that Healy Spring Company has not made withdrawal liability payments to the Pension Fund, but Defendant denies that the Healy Spring Controlled Group had any obligations to make withdrawal liability payment and that it failed to make withdrawal liability payments to the Pension Fund.

**Allegation No. 15:** The Healy Spring Controlled Group did not timely initiate arbitration pursuant to sections 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. §1401(b)(1).

**Answer:** Defendant denies the allegations of Paragraph No. 15 of Plaintiffs' Complaint, as stated.

**Allegation No. 16:** The Healy Spring Controlled Group failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

**Answer:** Defendant denies the allegations of Paragraph No. 16 of Plaintiffs' Complaint, as stated.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Healy Spring Company, by and through its attorneys, Wessels Pautsch & Sherman P.C., and hereby asserts the following affirmative defenses to Plaintiff above-captioned Complaint:

**First Affirmative Defense.** As and for its first affirmative defense, Defendant avers that Plaintiff has failed to make a claim upon which relief may be granted.

**Second Affirmative Defense.** As and for its second affirmative defense, Defendant avers that to the extent that Plaintiffs seek liability from non-signatory parties to any agreement, collective bargaining or otherwise, that requires contributions to the Pension Fund, those parties are not employers for purposes of Sections 1381 and 1401(d) of ERISA, and therefore are not jointly and severaly liable for the debt, if any, incurred by Healy Spring Company, including but not limited to, withdrawal liability to Plaintiffs and liability to make interim payments, based on such withdrawal liability to Plaintiffs.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiffs, dismissing Plaintiffs' Complaint and all of Plaintiffs' claims in their entirety, with prejudice and awarding Defendant its costs, disbursements and reasonable attorney's fees incurred in defending

against Plaintiffs' Complaint, along with such further relief as this Court deems just and appropriate under the circumstances.

Dated: June 3, 2008.

**HEALY SPRING COMPANY**

s/ James B. Sherman
James B. Sherman

James B. Sherman
WESSELS PAUTSCH & SHERMAN P.C.
1550 Utica Avenue South, Suite 450
Minneapolis, MN 55416
952-746-1700/Telephone
952-746-1704/Fax
jasherman@msp.w-p.com

Sean F. Darke
WESSELS PAUTSCH & SHERMAN P.C.
33 West Monroe Street, Suite 1120
Chicago IL 60603
312-629-9300/Telephone
312-629-9301/Fax
sedarke@chgo.w-p.com

**ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHEAS AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, ) ) ) ) ) Plaintiffs, ) ) v. ) ) HEALY SPRING COMPANY ) a Minnesota corporation ) ) Defendant. ) | Case No. 08 CV 2515  Judge Andersen  Magistrate Judge Cole |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 3rd day of June 2008, he served a true and correct copy of **ANSWER AND DEFENSES** to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing upon the following individual(s):

Rebecca K. McMahon
Central States Law Department
9377 West Higgins Road
Rosemont, Illinois 60018-4938

s/ James B. Sherman
James B. Sherman